F I L E D
United States Court of Appeals
Tenth Circuit

DEC 19 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES MARQUETTE JACKSON,

     Defendant-Appellant.

No. 97-5136
(D.C. No. 97-CV-536-C)
(N.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **BRORBY** , **EBEL** and **KELLY** , Circuit Judges.

On May 27, 1996, defendant-appellant Charles Marquette Jackson
("Jackson") pled guilty to one count of conspiracy to possess with intent to
distribute cocaine.  The district court sentenced Jackson to 120 months
imprisonment on October 23, 1996.  Jackson did not file a direct appeal
challenging his conviction and sentence.

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

Jackson filed a pro se motion under 28 U.S.C. § 2255 on June 4, 1997, to vacate, set aside, or correct the sentence imposed upon him based on ineffective assistance of counsel at sentencing. Jackson argues that his counsel should have sought a downward departure for minor participation pursuant to U.S.S.G. § 3B1.2 despite Jackson's role as a major courier for drugs and money in the cocaine distribution conspiracy. Jackson also contends that his counsel should have sought a downward departure under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 despite Jackson's criminal history category of III. Finally, Jackson complains that his counsel should have sought a reduction in his sentence due to sentencing disparity between Jackson and his codefendants despite Jackson's inability to show that any disparity actually exists.

Because Jackson filed his § 2255 motion on June 4, 1997, which was after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.A. §§ 2254-66 (1996), the AEDPA provision requiring a certificate of appealability applies to Jackson's appeal. The district court denied a certificate of appealability in a July 10, 1997 order. Jackson now appeals the denial of the certificate of appealability. Finding no substantial showing of the denial of an important federal right or any other reason justifying further proceedings, we hereby deny a certificate of appealability.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge